IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40133

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFONSO LOPEZ-MORALES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1203-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The Supreme Court vacated our judgment in United States v. Lopez-Morales, 256 F. App'x 726 (2007), and remanded this matter for further consideration in the light of Gall v. United States, 128 S. Ct. 586 (2007). Lopez-Morales v. United States, 128 S. Ct. 2933 (2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In our first decision, we rejected Lopez' assertions that the district court had erroneously applied a presumption of reasonableness to the advisory guidelines sentencing range and had failed to give adequate weight to the sentencing factors of 18 U.S.C. § 3553(a). We held: that "[t]he district court's remarks at sentencing show that Lopez's sentence was the result of a balancing of the proper factors, including the guidelines and the considerations of § 3553(a)"; and that the presumption-of-reasonableness issue, as conceded by Lopez, was foreclosed by Rita v. United States, 127 S.Ct. 2456, 2462 (2007). 256 F. App'x at 726.

In Gall, the Supreme Court held: courts of appeals may not use a rigid, mathematical formula in reviewing a district court's decision to depart from the properly-calculated guidelines sentencing range, nor may they require a district court to show extraordinary circumstances to depart from that range. 128 S. Ct. at 595. The Court further held: district court sentencing decisions are subject to abuse-of-discretion review; and courts of appeals may afford a presumption of reasonableness to sentences within a properly-calculated guidelines sentencing range. Id. at 597.

Subsequent to remand, the parties were instructed to file briefs addressing the impact, if any, of Gall on this matter. Lopez essentially repeats his original contentions that the district court applied an erroneous presumption of reasonableness to the guidelines sentencing range, an assertion we have already rejected and that is unaffected by Gall. Lopez also appears to contend that the district court's reliance on the controlled-substance guidelines was error because of the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007). In any event, that issue was not raised in Lopez' appeal here and is not within the scope of the remand from the Supreme Court.

AFFIRMED.